UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
CASE NUMBER: 8:23-cv-01856-TPB-UAM

INTEGRRITY PAYMENTS
GROUP, LLC, a Wyoming
limited liability company,
          Plaintiff

v.

JACLYN WEBB, an individual,
JESSI LEE LORENZO, an individual,
and CAPRAE SOLUTIONS, LLC, a
Wyoming limited liability company
          Defendants.
_____/

## <u>DEFENDANT'S, JESSI LEE LORENZO, ANSWER AND AFFIRMATIVE DEFENSES TO INTEGRITY PAYMENTS GROUP, LLC'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL</u>

COME NOW, Defendant, JESSI LEE LORENZO (herein "Ms. Lorenzo"), by and through her undersigned counsel, and answers Plaintiff's Verified Complaint and Demand for Jury Trial by like numbered paragraphs as follows:

### Nature of the Action

Defendant, Ms. Lorenzo, acknowledges that Plaintiff is seeking injunctive relief and damages for misappropriation of trade secrets pursuant to the Defend Trade Secrets Act, 18 U.S.C. §§ 1836 et seq. and the Florida Uniform Trade Secrets Act, Fla. Stat. §§ 688 et seq.; breach of contract; *quantum meruit*; breach of fiduciary duty; tortious interference; unfair competition; and violations of the Florida Computer Abuse and Data Recovery Act §§ 668.801 et seq., and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030. However, Defendant denies misappropriation of trade secrets pursuant to the Defend Trade Secrets Act, 18 U.S.C. §§ 1836 et seq. and the Florida Uniform Trade Secrets Act, Fla. Stat. §§ 688 et seq; breach of contract; *quantum meruit*; breach

1

of fiduciary duty; tortious interference; unfair competition; and violations of the Florida Computer Abuse and Data Recovery Act §§ 668.801 et seq., and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030. Defendant further denies Plaintiff ("Integrity") is entitled to any damages from Ms. Lorenzo whatsoever. Accordingly, Defendant, Ms. Lorenzo asserts that this action is brought not in good faith and for the purpose of harassment of Ms. Lorenzo. Defendant, Ms. Lorenzo, has incurred damages due to the defense of this action, including but not limited to attorney's fees and costs.

**Introduction**

1.     Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and therefore denies same and demands strict proof thereof.

2.     Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and therefore denies same and demands strict proof thereof.

3.     Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and therefore denies same and demands strict proof thereof.

4.     Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and therefore denies same and demands strict proof thereof.

5.     Denied.

6.     Denied.

7.     Denied.

**Jurisdiction and Venue**

8.     Admitted for Jurisdictional purposes only.

9.     Admitted that Ms. Lorenzo is a Florida resident, for Jurisdictional purposes only.

10.    Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and therefore denies same and demands strict proof thereof.

**Parties**

11.     Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and therefore denies same and demands strict proof thereof.

12.     Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and therefore denies same and demands strict proof thereof.

13.     Admitted that Ms. Lorenzo resides in Hillsborough County, Florida, otherwise denied.

14.     Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and therefore denies same and demands strict proof thereof.

**General Allegations**

15.     Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and therefore denies same and demands strict proof thereof.

16.     The allegations in Paragraph 16 pertain to another Defendant.  Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and therefore denies same and demands strict proof thereof.

17.     The allegations in Paragraph 17 pertain to another Defendant.  Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and therefore denies same and demands strict proof thereof.

18.     Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and therefore denies same and demands strict proof thereof.

19.     The allegations in Paragraph 19 pertain to another Defendant.  Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and therefore denies same and demands strict proof thereof.

20.     Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and therefore denies same and demands strict proof thereof.

21.     The allegations in Paragraph 21 pertain to another Defendant.  Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and therefore denies same and demands strict proof thereof.

22.     The allegations in Paragraph 22 pertain to another Defendant.  Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and therefore denies same and demands strict proof thereof.

23.     The allegations in Paragraph 23 pertain to another Defendant.  Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and therefore denies same and demands strict proof thereof.

24.     The allegations in Paragraph 24 pertain to another Defendant.  Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and therefore denies same and demands strict proof thereof.

25.     The allegations in Paragraph 25 pertain to another Defendant.  Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and therefore denies same and demands strict proof thereof.

26.     Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and therefore denies same and demands strict proof thereof.

27.     Denied.

28.     The exhibit speaks for itself, otherwise Denied.

29.     The exhibit speaks for itself, otherwise Denied.

30.     Denied.

31.     The allegations in Paragraph 31 pertain to another Defendant. Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and therefore denies same and demands strict proof thereof.

32.      The allegations in Paragraph 32 pertain to another Defendant. Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and therefore denies same and demands strict proof thereof.

33.     The allegations in Paragraph 33 pertain to another Defendant. Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and therefore denies same and demands strict proof thereof.

34.     The allegations in Paragraph 34 pertain to another Defendant. Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34, and therefore denies same and demands strict proof thereof.

35.     Ms. Lorenzo is without knowledge regarding the formation of Caprae, and denies the allegation set forth in paragraph 35.

36.      The allegations in Paragraph 36 pertain to another Defendant.  Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36, and therefore denies same and demands strict proof thereof.

37.     The allegations in Paragraph 37 pertain to another Defendant.  Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 37, and therefore denies same and demands strict proof thereof.

38.    Denied.

39.    The allegations in Paragraph 39 pertain to another Defendant.  Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39, and therefore denies same and demands strict proof thereof.

40.    The allegations in Paragraph 40 pertain to another Defendant.  Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40, and therefore denies same and demands strict proof thereof.

41.    Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41, and therefore denies same and demands strict proof thereof.

42.    Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42, and therefore denies same and demands strict proof thereof.

43.    Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43, and therefore denies same and demands strict proof thereof.

44.    Denied.

45.    The allegations in Paragraph 45 pertain to another Defendant.  Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45, and therefore denies same and demands strict proof thereof.

46.    Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46, and therefore denies same and demands strict proof

thereof.

47.     The allegations in Paragraph 47 pertain to another Defendant.   Denied that Defendant, Jaclyn Webb (herein "Ms. Webb"), in May 2023, was soliciting business from Integrity for Ms. Lorenzo.

48.     Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48, and therefore denies same and demands strict proof thereof.

49.     The allegations in Paragraph 49, 49(a) and 49(b) pertain to another Defendant.  Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49, 49(a) and 49(b), and therefore denies same and demands strict proof thereof.

50.     Admitted that the exhibit speaks for itself, otherwise denied.

51.     Admitted that the exhibit speaks for itself, otherwise denied.

52.     The allegations in Paragraph 51 pertain to another Defendant.  Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52, and therefore denies same and demands strict proof thereof.

53.     Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53, and therefore denies same and demands strict proof thereof.

54.     The allegations in Paragraph 54 pertain to another Defendant.  Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54, and therefore denies same and demands strict proof thereof.

55.     The allegations in Paragraph 55 pertain to another Defendant.  Ms. Lorenzo is

without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55, and therefore denies same and demands strict proof thereof.

56.    The allegations in Paragraph 56 pertain to another Defendant.  Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56, and therefore denies same and demands strict proof thereof.

57.    The allegations in Paragraph 57 pertain to another Defendant.  Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57, and therefore denies same and demands strict proof thereof.

58.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and therefore denies same and demands strict proof thereof.

59.    Denied.

### First Cause of Action
Injunctive Relief Against Defendants

60.    Ms. Lorenzo adopts and reasserts her responses to paragraphs 1-59 as if set forth fully herein.

61.    Denied.  Integrity has not shown a likelihood of success on the merits for an Injunction because Ms. Lorenzo has committed no wrongdoing.  Integrity has not demonstrated, and it will be unable to demonstrate that Ms. Lorenzo utilized or misappropriated Integrity's confidential information or trade secrets for its benefit to compete with Integrity.

62.    Denied that Integrity will be irreparably harmed if an injunction is not issued.  Ms. Lorenzo has committed no wrongdoing and is not utilizing Integrity's confidential information or trade secrets to compete with Integrity.  Ms. Lorenzo does not have access to Integrity's confidential information.  Therefore, there is nothing to enjoin Ms. Lorenzo from performing or utilizing.

The remainder of the First Cause of Action of the Verified Complaint contains a prayer for relief and, as such, requires neither an admission or denial from Ms. Lorenzo.  To the extent a response is required, Ms. Lorenzo denies Integrity is entitled to any of the relief sought in this litigation.

**Second Cause of Action**
Breach of Termination Agreement against Ms. Webb

63.    Ms. Lorenzo adopts and reasserts her responses to paragraphs 1-59 as if set forth fully herein.

64.    The allegations in Paragraph 64 pertain to another Defendant.  Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64, and therefore denies same and demands strict proof thereof.

65.    Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65, and therefore denies same and demands strict proof thereof.

66.    The allegations in Paragraph 66 pertain to another Defendant.  Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66, and therefore denies same and demands strict proof thereof.

67.    The allegations in Paragraph 67 pertain to another Defendant.  Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67, and therefore denies same and demands strict proof thereof.

68.    The allegations in Paragraph 64 pertain to another Defendant.  Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68, and therefore denies same and demands strict proof thereof.

69.    Denied.

9

**Third Cause of Action**
Breach of Confidentiality Agreement Against Ms. Webb

70.    Ms. Lorenzo adopts and reasserts her responses to paragraphs 1-59 as if set forth fully herein.

71.    The allegations in Paragraph 64 pertain to another Defendant.  Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71, and therefore denies same and demands strict proof thereof.

72.    The allegations in Paragraph 72 pertain to another Defendant.  Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72, and therefore denies same and demands strict proof thereof.

73.    The allegations in Paragraph 73 pertain to another Defendant.  Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73, and therefore denies same and demands strict proof thereof.

74.    The allegations in Paragraph 74 pertain to another Defendant.  Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74, and therefore denies same and demands strict proof thereof.The allegations in Paragraph 75 pertain to another Defendant.  Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75, and therefore denies same and demands strict proof thereof.

75.    The allegations in Paragraph 76 pertain to another Defendant.  Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76, and therefore denies same and demands strict proof thereof.

**Fourth Cause of Action**
*Quantum Meruit* / Unjust Enrichment / Implied in Law Contract Against Ms. Webb

76.     Ms. Lorenzo adopts and reasserts her responses to paragraphs 1-59 as if set forth fully herein.

77.     The allegations in Paragraph 78 pertain to another Defendant.  Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78, and therefore denies same and demands strict proof thereof.

78.     The allegations in Paragraph 79 pertain to another Defendant.  Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79, and therefore denies same and demands strict proof thereof.

79.     The allegations in Paragraph 80 pertain to another Defendant.  Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80, and therefore denies same and demands strict proof thereof.

**Fifth Cause of Action**
Breach of Fiduciary Duty Against Ms. Webb

80.     Ms. Lorenso adopts and reasserts her responses to paragraphs 1-59 as if set forth fully herein.

81.     The allegations in Paragraph 82 pertain to another Defendant.  Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82, and therefore denies same and demands strict proof thereof.

82.     The allegations in Paragraph 83 pertain to another Defendant.  Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83, and therefore denies same and demands strict proof thereof.

**Sixth Cause of Action**
Tortious Interference with Existing and Prospective Business Relationships

83.    Ms. Lorenzo adopts and reasserts her responses to paragraphs 1-59 as if set forth fully herein.

84.    To the extent Integrity suggests that matters concerning the Bank of Orrick constitute confidential information, that suggestion is denied. To the extent that Integrity suggests that they had a business relationship with the Bank of Orrick, that suggestion is denied. Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 85 and therefore denies same and demands strict proof thereof.

85.    To the extent Integrity suggests that matters concerning the Bank of Orrick constitute confidential information, that suggestion is denied. To the extent that Integrity suggests that they had a business relationship with the Bank of Orrick, that suggestion is denied. Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the any remaining allegations in Paragraph 86 and therefore denies same and demands strict proof thereof.

86.    Denied.

87.    Denied.

**Seventh Cause of Action**
Unfair Competition

88.    Ms. Lorenzo adopts and reasserts her responses to paragraphs 1-59 as if set forth fully herein.

89.    Denied.

90.    Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 and therefore denies same and demands strict proof thereof.

91.    The allegations in Paragraph 92 pertain to another Defendant.  Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 92, and therefore denies same and demands strict proof thereof.

    92.    Denied.

**Eighth Cause of Action**

Misappropriation of Trade Secrets Pursuant to Defend Trade Secrets Act, 18 U.S.C.
§ 1836(b) Against Ms. Webb

    93.    Ms. Lorenzo adopts and reasserts her responses to paragraphs 1-59 as if set forth fully herein.

    94.    This Count is alleged against another Defendant. Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 and therefore denies same and demands strict proof thereof.

    95.    This Count is alleged against another Defendant. Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 and therefore denies same and demands strict proof thereof.

    96.    This Count is alleged against another Defendant. Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 and therefore denies same and demands strict proof thereof.

    97.    This Count is alleged against another Defendant. Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 and therefore denies same and demands strict proof thereof.

    98.    This Count is alleged against another Defendant. Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 and therefore denies same and demands strict proof thereof.

    99.    This Count is alleged against another Defendant. The allegations in Paragraph 100 pertain to another Defendant.  Ms. Lorenzo is without knowledge or information sufficient to form

a belief as to the truth of the allegations in Paragraph 100, and therefore denies same and demands strict proof thereof.

100. This Count is alleged against another Defendant. Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 and therefore denies same and demands strict proof thereof.

101. This Count is alleged against another Defendant. Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 and therefore denies same and demands strict proof thereof.

102. Denied.

103. This Count is alleged against another Defendant. Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 and therefore denies same and demands strict proof thereof.

**Ninth Cause of Action**
Misappropriation Pursuant to Florida Uniform Trade Secrets Act, Fla. Stat. Ch. 688

104. Ms. Lorenzo adopts and reasserts her responses to paragraphs 1-59 as if set forth fully herein.

105. Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 and therefore denies same and demands strict proof thereof.

106. To the extent Integrity suggests it is the sole owner of confidential information pertaining to the Bank of Orrick, that suggestion is denied. Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the any remaining allegations in Paragraph 107 and therefore denies same and demands strict proof thereof.

107.   Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 and therefore denies same and demands strict proof thereof.

108.   Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 and therefore denies same and demands strict proof thereof.

109.   Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110, and therefore denies same and demands strict proof thereof.

110.   Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111, and therefore denies same and demands strict proof thereof.

111.   Denied.

112.   To the extent Integrity suggests that matters concerning the Bank of Orrick constitute confidential information, that suggestion is denied. Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the any remaining allegations in Paragraph 113 and therefore denies same and demands strict proof thereof.

113.   Denied.

114.   Denied.

**Tenth Cause of Action**
Violation of Computer Fraud and Abuse Act Against Ms. Webb

115.   Ms. Lorenzo adopts and reasserts her responses to paragraphs 1-59 as if set forth fully herein.

116.   This Count is alleged against another Defendant. Ms. Lorenzo is without knowledge

or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 and therefore denies same and demands strict proof thereof.

117.    This Count is alleged against another Defendant.  Ms. Lorenzo Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 and therefore denies same and demands strict proof thereof.

118.    This Count is alleged against another Defendant. Ms. Lorenzo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119 and therefore denies same and demands strict proof thereof.

119.    Denied.

**Eleventh Cause of Action**
Violation of the Florida Computer Abuse and Data Recovery Act

120.    Ms. Lorenzo adopts and reasserts her responses to paragraphs 1-59 as if set forth fully herein.

121.    Denied.

122.    Denied.

**Twelfth Cause of Action**
Conspiracy

123.    Denied.

124.    Denied.

125.    Denied.

The remainder of the Verified Complaint contains a prayer for relief and, as such, requires neither an admission or denial from Defendant.  To the extent a response is required, Defendant denies Integrity is entitled to any of the relief sought in this litigation.

## Demand For Jury Trial

Ms. Lorenzo requests a trial by jury on all issues so triable.

## Affirmative Defenses

Defendant, by and through undersigned counsel, asserts the claims alleged in the Verified Complaint are barred, in whole or in part, by the following affirmative defenses.

### First Affirmative Defense

Integrity's Verified Complaint and its purported causes of action fail to state sufficient facts to adequately plead a cause of action against Ms. Lorenzo.

### Second Affirmative Defense

Integrity's Verified Complaint and its purported causes of action fail to meet the pleading requirements of Federal Rules of Civil Procedure 8(a) and 9(b).

### Third Affirmative Defense

Integrity's claims are barred, in whole or in part, because it cannot demonstrate a likelihood of success on the merits or that it suffered irreparable harm showing it is entitled to injunctive relief against Ms. Lorenzo. Integrity has not alleged sufficient facts demonstrating Ms. Webb disclosed confidential information to Ms. Lorenzo or caused a loss of Integrity's business that are at the root of Integrity's claim for injunctive relief. Ms. Lorenzo acted at all relevant times in good faith and not with any improper purpose, intent, or knowledge to cause Integrity's economic loss or otherwise. In the alternative, to the extent Integrity suffered any economic loss, Integrity has an adequate remedy at law.

### Fourth Affirmative Defense

Integrity's claims are brought in bad faith and for the purposes of harassment of Defendant, Ms. Lorenzo.

### Fifth Affirmative Defense

Integrity did not and does not have a business relationship with Bank of Orrick.

### Sixth Affirmative Defense

Integrity's claims are barred, in whole or in part, by the doctrines of waiver, ratification and/or estoppel.

### Seventh Affirmative Defense

Integrity's claims are barred, in whole or in part, by the doctrine of unclean hands and/or Integrity's own wrongful conduct.

### Eighth Affirmative Defense

Integrity's claims are barred, in whole or in part, by Integrity's breaches of the implied covenant of good faith and fair dealing.

### Ninth Affirmative Defense

Integrity's claims are barred, in whole or in part, because Integrity will be unjustly enriched if awarded injunctive relief.

### Tenth Affirmative Defense

Integrity's claims are barred, in whole or in part, because Ms. Lorenzo acted in good faith and without an improper purpose regarding any business dealings with Integrity.

### Eleventh Affirmative Defense

Integrity's claims are barred, in whole or in part, because Integrity has not set forth the requisite cause of action for an Unfair Competition claim and it is also duplicative of its tortious interference claim

### Twelfth Affirmative Defense

Integrity's claims are barred, in whole or in part, because Defendants did not misappropriate trades secret as required under the Defend Trade Secrets Act 18 U.S.C. §§ 1836 et seq. or acquire trade secrets by improper means and/or did not misappropriate or disclose trade secrets as required under Florida's Uniform Trade Secrets Act, Fla. Stat. §§ 688 et seq.

### Thirteenth Affirmative Defense

Integrity's claims are barred, in whole or in part, because Integrity has acted in bad faith in bringing this lawsuit including, but not limited to, 18 U.S.C. § 1836(b)(3)(D) and Fla. Stat. § 688.005.

### Fourteenth Affirmative Defense

Integrity's claims are barred, in whole or in part, because it has not set forth the requisite cause of action under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 or Florida's Computer Abuse and Data Recovery Act, Fla. Stat. §§ 668.801 et seq.

### Fifteenth Affirmative Defense

Integrity's claims are barred, in whole or in part, because Defendants did not conspire to misappropriate Plaintiff's confidential information or trade secrets.

### Sixteenth Affirmative Defense

Integrity's claims for tortious interference with existing and prospective business relationships, and conspiracy are preempted because the allegations of those claims form the basis for its claim of misappropriation of trade secrets pursuant to Florida's Uniform Trade Secrets Act, Fla. Stat. § 688 et. seq.

### Seventeenth Affirmative Defense

Integrity is not entitled to damages or remedies sought herein.

**Eighteenth Affirmative Defense**

Integrity's claims for damages and relief are barred because they are speculative.

**Nineteenth Affirmative Defense**

Defendants preserve and assert all affirmative defenses available under any applicable law. Defendants presently have insufficient knowledge or information upon which to form a belief as to whether they may have other, as yet unstated defenses available. Therefore, Defendant reserves the right to supplement this Answer and to assert additional defenses in the event that discovery or other means indicate they would be appropriate.

WHEREFORE, Defendants deny Plaintiff is entitled to any relief whatsoever. Defendants further request that this Court enter judgment in their favor and against the Plaintiff as follows:

A.  That Plaintiff's request for a Preliminary Injunction be denied.

B.  That Plaintiff takes nothing by reason of the Verified Complaint and that judgment be tendered in favor of Defendants.

C.  That Defendants be awarded costs of suit incurred including reasonable attorneys' fees pursuant to 18 U.S.C. § 1836(b)(3)(D), Fla. Stat. §§ 668.804(2), 688.005 and;

D.  For such other relief as this Court deems just and proper.

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this 10th day of November, 2023, a true and correct copy of the foregoing has been furnished via mail or filed electronically via CM/ECF to all counsels of record to the following parties:

Scott A. Livingston, Esquire
Private Corporate Counsel
201 E. Pine Street, Suite 445
Orlando, FL 32801
slivingston@pcc.law

20

Dale R. Sisco, Esquire
Sisco Law
777 S. Harbour Island Blvd., Suite 320
Tampa, FL 33602
dsisco@sisco-law.com

                    WETHERINGTON HAMILTON, PA

                         */s/ Kalei McElroy Blair*

          By: _____
                    Theodore J. Hamilton, Esquire
                    Florida Bar #892963
                    Kalei McElroy Blair, Esquire
                    Florida Bar #44613
                    812 W. Dr. MLK, Jr. Blvd., Suite 101
                    Tampa, FL 33603
                    (813) 225-1918
                    kmbpleadings@whhlaw.com